IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:23-CV-00066-KDB-DCK

SAMUEL UMPHLETT,

    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**ORDER**

**THIS MATTER** is before the Court on the Defendant's Contested Motion to Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Doc. No. 10). The parties agree that this case should be remanded to the Social Security Administration for further review with preservation of the favorable portion of the Administrative Law Judge's ("ALJ") decision. *See* Doc. Nos. 10-1 at 3, 11 at 1. Their dispute is whether this Court may direct the ALJ, upon remand, to evaluate Plaintiff's disability status from June 22, 2016, the day after his prior denial of benefits, rather than from October 14, 2020, the date on which he applied for Supplemental Security Income ("SSI"). The Court has carefully considered this motion and the parties' briefs. For the reasons discussed below, the Court will **GRANT** the motion to remand but will not direct the ALJ to evaluate Plaintiff's disability status from June 22, 2016.

First, the Court finds that it lacks jurisdiction to expand the scope of this case upon remand. District courts have jurisdiction "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the *decision* of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (emphasis added). Here,

1

the relevant decision only evaluated Plaintiff's disability status from October 14, 2020. *See* Doc. No. 5 at 21-35. The Court would therefore exceed its statutory authority if it expanded the scope of the case upon remand. Although the Court can order the Commissioner to take additional evidence into account, it may do so "only upon a showing that there is new evidence which is *material* and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.* (emphasis added). Because evidence before October 2020 is not necessarily material to the ALJ's decision, the Court lacks jurisdiction to direct the ALJ to change the length of the evaluation period or consider additional evidence upon remand.

The Court also finds that Plaintiff would not be barred by collateral estoppel if he later files a claim for Title II Disabled Adult Child ("DAC") benefits. Social Security regulations state that collateral estoppel may apply in a new claim for DAC benefits if the prior favorable determination decided the issue of "SSI adult disability with an [established onset date] between ages 18-22." Social Security Administration Program Operations Manual System ("SSA POMS") DI 27515.001(C). Plaintiff turned 22 on November 8, 2019, well before the application date of October 14, 2020. Thus, no determination, favorable or otherwise, would be made during this proceeding regarding his disability between ages 18-22. Further, the traditional collateral estoppel factors would not be met. Successfully asserting collateral estoppel requires the proponent to demonstrate:

> (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding."

*In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004) (citing *Sedlack v. Braswell Servs. Inc.*, 134 F.3d 219, 224 (4th Cir. 1998)). This case, as it stands, does not raise the question of whether Plaintiff was disabled between the ages of 18-22. Therefore, a future DAC benefits claim would not involve an identical, previously litigated fact that was critical or necessary to the decision in this case. So, although the decision in this case may eventually become final, Plaintiff would not have had a full and fair opportunity to litigate the issue. The Court accordingly concludes that collateral estoppel would not apply either under Social Security regulations or the traditional collateral estoppel factors.

The Court lastly notes that if Plaintiff seeks to put his disability status from ages 18-22 at issue, he has ample opportunity to do so upon remand, a contention with which Defendant agrees. Social Security regulations "will allow the claimant to amend his or her [alleged onset date] any time up to the date of the [Disability Determination Services] determination." SSA POMS DI 25501.230(A). He can amend either by letter, telephone, visiting a field office, or providing testimony. *Id.*

In conclusion, the Court will remand this case to the Social Security Administration with the partially favorable portion of the original decision preserved, but will not direct the ALJ to consider Plaintiff's disability status before October 14, 2020.

**SO ORDERED.**

Signed: May 3, 2024

Kenneth D. Bell
United States District Judge